IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.     ) | No. 3:19-cr-083-M-1 |
| ) | Judge Barbara M. G. Lynn |
| RUEL M. HAMILTON    ) | |

# MR. HAMILTON'S MOTION FOR A STAY OF TRIAL PROCEEDINGS PENDING A DECISION FROM THE SUPREME COURT ON HIS PETITION FOR CERTIORARI

Christopher D. Man, Bar No. 453553DC
Kaitlin Pierce Marino, Bar No. 242020DC
WINSTON & STRAWN LLP
1901 L Street, N.W.
Washington, DC 20006
CMan@winston.com
202-282-5000 (ph)
202-282-5100 (fax)

Thomas M. Melsheimer, Bar No. 13922550TX
Dion J. Robbins, Bar No. 488888GA
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
TMelsheimer@winston.com
214-453-6100 (ph)
214-453-6400 (fax)

Abbe David Lowell, Bar No. 358651DC
Lowell & Associates, P.L.L.C.
1701 Rhode Island Avenue, Third Floor
Washington, D.C. 20036
ADLowell@lowellandassociates.com
(202) 841-4772

*Counsel for Defendant Ruel M. Hamilton*

Mr. Hamilton moves for a stay of trial proceedings in this case pending a decision from the Supreme Court on his petition for certiorari raising his double jeopardy claim. *Hamilton v. United States*, No. 23-11132 (U.S. filed Feb. 19, 2025). With Mr. Hamilton filing his reply brief in support of certiorari more than a week early, on April 28, 2025, that briefing is now complete, and it is anticipated that the justices will first consider the petition at conference sometime this month.[1] But it remains unlikely that a decision on whether to grant that petition will be made before the start of trial in this case, which is now scheduled for June 2, 2025. This Court should stay the trial proceedings in this case to give the Supreme Court the opportunity to make its decision first. The government advises us that it opposes this motion.

Because double jeopardy is unique in providing a right not to stand trial, it is one of the few contexts where an interlocutory appeal is allowed in criminal cases. "[R]un-of-the-mill cases . . . will rarely compare with the 'embarrassment' and 'anxiety' averted by a successful double

---

[1] *See* Ct. Docket, *Hamilton v. United* States, No. 23-11132 (petition filed Feb. 21, 2025), https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/24-902.html (electronic docket providing access to the briefs filed in the case). Before Mr. Hamilton filed his petition for certiorari, on November 11, 2024, he sought a stay of the proceedings until his petition for certiorari could be filed and decided and that request was denied without a written opinion by Justice Alito on December 10, 2024. *Hamilton v. United* States, No. 24A475. Now that the petition has been filed and the Court has the benefit of full briefing, we believe there is a strong chance the Court will agree to hear the case. The government's opposition to certiorari agreed that the lower courts "use different formulations" to address the weight of a defendant's burden of proof in proving a double jeopardy claim and chronicled the widely divergent tests used by the lower courts. Gov.Opp.17-19. Adding to the inconsistency, the government advocated a new formulation of its own that differed from those used by all the Courts of Appeals that it discussed. *Id.* The thrust of the government's opposition was its claim that Hamilton's claim would fail under any of those tests. *Id.* at 8. But Chief Judge Elrod rejected that claim, noting that Hamilton may have prevailed under a preponderance-of-the-evidence standard, *United States v. Hamilton*, 118 F.4th 655, 663 (5th Cir. 2024) (concurring), and the government acknowledged that is the test applied in at least the Ninth Circuit, Gov.Opp.18-19. Moreover, whether Hamilton would prevail on the merits is not the pertinent question for the Court in deciding whether to grant certiorari. Rather, the Court grants certiorari to resolve confusion in the lower courts and the government's opposition confirms that confusion exists. Sup. Ct. R. 10(a).

jeopardy claimant," which is why it is necessary to resolve double jeopardy claims before trial and not after.  *Digit. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 881 (1994) (citations omitted).

If the Court were to begin trial proceedings, it would have to stop the trial in the middle of the proceedings if certiorari were granted.  *Cf. United States v. Coughlin*, 610 F.3d 89, 96 (D.C. Cir. 2010) (Garland, J.) (imposing a stay of an ongoing trial when a double jeopardy issue was raised mid-trial and denied by the district court and considering the appeal on an expedited basis).  That would create a logistical nightmare for the Court, the parties, witnesses, and jurors, and it would take a particularly heavy toll on a defendant who already has endured one trial.  Absent expedited proceedings before the Supreme Court, the Court may very well have to declare a mistrial.  To avoid that waste of resources, the Court should grant a brief stay until the Supreme Court makes a decision on certiorari, which hopefully will come within just a few weeks.

That is the easiest solution, and why district courts regularly stay trial proceedings while a petition for certiorari raising a double jeopardy claim is pending.  *See, e.g.*, *United States v. Moncier*, 2010 WL 1904957, at *2 (E.D. Tenn. May 10, 2010); *United States v. House of Raeford Farms, Inc.*, 2012 WL 699515, at *1 (M.D.N.C. Feb. 29, 2012); *see also United States v. Dunbar*, 611 F.2d 985, 989 (5th Cir. 1980) (en banc) ("This Court is, of course, empowered to protect the defendant's double jeopardy rights by staying proceedings below pending appeal.").  This Court has done so even in civil cases where a petition for certiorari is pending.  *See, e.g.*, *Darden v. City of Ft. Worth, Texas*, 2018 WL 6488000, at *1 (N.D. Tex. Dec. 10, 2018); *Inclusive Communities Project, Inc. v. Texas Dep't of Hous. and Cmty. Affairs*, 2014 WL 2815683, at *3 (N.D. Tex. June 23, 2014).  It should do so here.

Again, it is likely that the Supreme Court will decide whether to grant certiorari by the end of June, so even a denied petition will delay the trial by only a few weeks.  Weighed against the

2

complications that would result if the Supreme Court granted the petition after the trial begins, a stay is easily the most prudent course.

Dated: May 1, 2025

Respectfully submitted,

/s/ Thomas M. Melsheimer

Christopher D. Man, Bar No. 453553DC  
Kaitlin Pierce Marino, Bar No. 242020DC  
WINSTON & STRAWN LLP  
1901 L Street, N.W.  
Washington, DC 20006  
CMan@winston.com  
202-282-5000 (ph)  
202-282-5100 (fax)

Thomas M. Melsheimer, Bar No. 13922550TX  
Dion J. Robbins, Bar No. 488888GA  
WINSTON & STRAWN LLP  
2121 N. Pearl Street, Suite 900  
Dallas, TX 75201  
TMelsheimer@winston.com  
214-453-6100 (ph)  
214-453-6400 (fax)

Abbe David Lowell, Bar No. 358651DC  
Lowell & Associates, P.L.L.C.  
1701 Rhode Island Avenue, Third Floor  
Washington, D.C. 20036  
ADLowell@lowellandassociates.com  
(202) 841-4772  
202-282-5100 (fax)

*Counsel for Defendant Ruel M. Hamilton*

**CERTIFICATE OF SERVICE**

    I certify that on May 1, 2025, a copy of the foregoing was filed with the Court's electronic case filing system, thereby effecting service on counsel for all parties.

                                                 /S/Thomas M. Melsheimer
                                                 Thomas M. Melsheimer