IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:19-cr-083-M-1 |
| | ) | Judge Barbara M. G. Lynn |
| RUEL M. HAMILTON | ) | |

**MR. HAMILTON'S SUPPLEMENTAL RESPONSE TO QUESTIONS
FROM THE MAY 8, 2025 HEARING**

Christopher D. Man, Bar No. 453553DC
Kaitlin Pierce Marino, Bar No. 242020DC
WINSTON & STRAWN LLP
1901 L Street, NW
Washington, DC 20006
CMan@winston.com
KPMarino@winston.com
202-282-5000 (ph)
202-282-5100 (fax)

Thomas M. Melsheimer, Bar No. 13922550TX
    *Lead Counsel*
Damien M. Diggs, Bar No. 24135025TX
Dion J. Robbins, Bar No. 488888GA
Alex C. Wolens, Bar No. 24110546TX
Emily Wilkinson, Bar No. 24125457TX
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
TMelsheimer@winston.com
DDiggs@winston.com
DRobbins@winston.com
AWolens@winston.com
EWilkinson@winston.com
214-453-6100 (ph)
214-453-6400 (fax)

*Counsel for Defendant Ruel M. Hamilton*

Below, Ruel Hamilton provides the Court with record cites and case law responsive to some questions that were raised at the May 8, 2025 hearing.[1]

## I.    Hamilton Argued The Indictment Charged Gratuities To This Court And The Fifth Circuit.

A review of Hamilton's pretrial motions demonstrates that he attempted to pin the government down on whether it would solely pursue a bribery theory at trial, noting the indictment's "bribes and other things of value" language reflected that the indictment charged more than bribery. *See* DE160 at 7 ("The Superseding Indictment steps away from just addressing bribery to claiming that Mr. Hamilton provided Davis 'bribes *and other things of value*,' without ever differentiating which things were the bribes and which were the other things of value" and noting the "unconstitutional lack of specificity this creates") (citing Indict., DE139 ¶7 (emphasis added); *id.* ¶10 ("bribe payments and other things of value")); DE160 at 15 ("But there also is no way to segregate the 'bribes' from the 'other things of value' that were spent on protected First Amendment activity because the Superseding Indictment never identifies which are which."); *id.* at 17 ("It is not clear what the grand jury believed were the 'bribes' and what it believed were the 'other things of value,' so the Court could thereby allow a bribery theory to advance to trial where the grand jury did not believe the donation in question was a bribe at all."); DE209 at 5 ("[N]o *quid pro quo* bribery agreement is ever alleged in Counts 1 or 2. . . . The 'bribes and other things' language means that whatever the 'other things' are, they are not bribes."). The government selectively quotes Hamilton's motion to strike to show where Hamilton identified parts of the indictment that charge bribery, but omits that Hamilton pointed to the "other things of value"

---

[1] The hearing also addressed a motion *in limine* to restrict evidence concerning local campaign finance laws. As the Court directed, the parties are working toward a stipulation on this issue, which will be addressed with the Court in subsequent filings.

language in arguing "[i]t is not clear what the grand jury believed were the 'bribes' and what it believed were the 'other things of value,'" DE160 at 17, as "language in the Superseding Indictment seems to be criminalizing something more than bribery" and he argued that "[s]uch conduct is not covered by Section 666." DE163 at 11. He also argued that this language rendered "the Superseding Indictment unconstitutionally vague, as no effort is made to identify what these 'other things' are or to distinguish them from what the alleged bribes would be." *Id.* at 12. Additionally, Hamilton's Trial Briefs complained that "[t]he Superseding Indictment steps away from just addressing bribery to claiming that Mr. Hamilton provided Davis 'bribes *and other things of value.*'" DE262 at 22; *id* at 23 ("Following the language of Count 1, the jury could mistakenly conclude that there was a criminal conspiracy because Mr. Hamilton agreed to give Davis, not 'bribes,' but 'other things of value.'"); *see* DE298 at 28–29 (same). The Court too noted that the indictment charged Hamilton with providing both bribes and other things of value. DE218 at 1.

More importantly, the government never agreed to limit its case to just bribery and—instead—argued its gratuity theory repeatedly before the jury. DE485 at 5–6. The government emphasized the "reward" language to the jury repeatedly, *id.* at 5, and told the Fifth Circuit what it meant by that, claiming Section 666 "is not limited to *quid-pro-quo* bribery" because of the word "reward." *United States v. Hamilton*, No. 21-11157 (5th Cir.), Gov.Br.23.

Despite arguing this gratuity theory at trial, the government argued to the Fifth Circuit that any instructional error concerning gratuities was harmless error because it only argued a bribery theory at trial. *Id.* at 36–37. Not surprisingly, the Fifth Circuit panel rejected the government's harmless error argument because a gratuity theory was argued and, when the government sought rehearing on this ground, the *en banc* Court did not accept its argument either. *United States v. Hamilton*, 46 F.4th 389, 398–99 (5th Cir. 2022), r'hrng and r'hrng *en banc* denied, *United States*

*v. Hamilton*, 62 F.4th 167 (5th Cir. 2023). If the government had not argued a gratuity theory at trial, the *Hamilton* appeal would have come out the other way based on the government's harmless error argument because a mistaken jury instruction would not have influenced the jury.

Having succeeded in thwarting Hamilton's effort to limit the first trial to bribery and instead arguing a gratuity theory to the jury as well—a theory it could not have argued unless the indictment charged a gratuity theory—it is the government that is reversing course and claiming the indictment only charged bribery all along. The Fifth Circuit's rejection of that position along with its rejection of the government's harmless error argument is binding on this Court.

The government's persistent refrain at the hearing that it can charge a case in the conjunctive and is only required to prove a crime in the disjunctive is true but irrelevant. To be sure, the government can charge that a defendant violated a statute in multiple ways and secure a conviction by proving only one of them, but the government must show that the grand jury charged a valid crime and that the petit jury convicted the defendant of that same crime. The problem for the government here is that it does not know—because the grand jury did not say—which conduct by Hamilton the indictment alleges involved the payment of a criminal bribe and which it charges as a mere gratuity, which the grand jury was wrongfully led to believe was a crime. Thus, there is an inherent possibility that any conviction the government could obtain will rest upon a non-crime, something the grand jury charged as "other" than bribery, such as a gratuity.

The government cannot eliminate the risk that a petit jury may convict Hamilton of bribery based on something the grand jury charges as merely a gratuity. Just as the government could not eliminate the possibility that the first jury convicted Hamilton based on a gratuity, as the Fifth Circuit found, it will not be able to prove that any second jury that convicts Hamilton did not do so based on something the grand jury charged as merely a gratuity either. Thus, there is a

substantial risk that any conviction will not result in reversible error, just as occurred after the first trial.

## II.    The Law Of The Case Doctrine Is No Bar To Hamilton's Challenge To A Section 666 Charge Not Being Adequately Charged In The Indictment.

In addition to the objections to the gratuity language in the indictment above, Hamilton repeatedly objected to the government's claim that Section 666 covered more than bribery in his jury instructions, *see* DE256, which is the very reason that the Fifth Circuit found that Section 666 covers only bribery and reversed the conviction.  In rebutting the government's harmless error argument, Hamilton explicitly addressed the flawed charges in the indictment as well:

> The government cites several filings *from Hamilton* as evidence that the government was pursuing a bribery theory.  But the government successfully *opposed* those efforts and argued the opposite.  The indictment alleged that Hamilton gave Davis "bribes *and other things of value.*" ROA.537 (emphasis added).  The jury instructions then directed the jury to the alleged offenses "as charged in the Superseding Indictment," ROA.4147, with this distinction between bribes and "other things of value."

Hamilton.Resp.R'hrng.CTA5.18.

The Fifth Circuit's decision in *Hamilton* limiting Section 666 to bribery, and the Supreme Court's agreement with that decision in *Snyder v. United States*, 603 U.S. 1 (2024), define what the statute means.  And the statute's meaning does not vary whether the Court asks if a Section 666 violation was properly charged by a grand jury or proven to the satisfaction of a petit jury.  It is the same issue, just viewed through two different vantage points.

The law of the case doctrine is irrelevant to Hamilton's challenge to the Superseding Indictment as charging a violation of Section 666 based on things "other" than bribes, without differentiating what the grand jury charged as "bribes" and what it charged as "other" than bribes.  First, "[t]he doctrine has an important limitation: It 'applies only to issues that were *actually decided*, rather than all questions in the case that might have been decided but were not,'" and

neither this Court nor the Fifth Circuit explicitly ruled on whether the Section 666 charge was adequately pled below. *In re AKD Invest.*, 79 F.4th 487, 491 (5th Cir. 2023) (quoting *Alpha/Omega Ins. Servs. v. Prudential Ins. Co. of Am.*, 272 F.3d 276, 279 (5th Cir. 2001) (emphasis by *AKD Invest.*)). In *United States v. Angulo Quintero*, for example, after a first appeal, the defendant argued a new Ex Post Facto Clause argument, and the government argued that he should be "prevented from doing so by the threefold cord of the law-of-the-case, invited-error, and forfeiture doctrines." 749 F. App'x 270, 271 (5th Cir. 2018). The Fifth Circuit rejected the government's position, explaining that the defendant "never raised his Ex Post Facto Clause argument in the initial appeal, and this court never ruled on it. Because this issue has not been 'decided on appeal' it is not precluded." *Id.* (citation omitted).

Second, the law of the case doctrine does not apply when the reasoning of a prior ruling has been overruled. *See Agostini v. Felton*, 521 U.S. 203, 235–36 (1997) (finding law of the case should be rejected when a change in law demonstrates a prior decision was wrongly decided); *Davis v. United States*, 417 U.S. 333, 342 (1974) (same). With respect to Hamilton's argument about the inclusion of the government's gratuity theory, the Court explained that "any confusion . . . can be resolved with jury instructions" (Dkt. 213 at 1), but this Court acknowledged, and the Fifth Circuit found that the jury instructions allowed Hamilton to be convicted under either a gratuity theory or a bribery theory. Thus, it appears that the Court did not see the issue of whether the grand jury had charged a bribe or a gratuity as meaningful because it believed either would suffice for a conviction. The Fifth Circuit's decision in *Hamilton* and the Supreme Court's decision in *Snyder* conclusively overruled that view, holding instead that Section 666 prohibits only bribery.

The Fifth Circuit reversed Hamilton's conviction because it could not tell whether the petit jury convicted Hamilton on a legitimate bribery theory or an illegitimate gratuity theory and a

retrial on this indictment will invite the same sort of error. If there were a conviction, the Fifth Circuit will not be able to tell whether the petit jury convicted Hamilton of providing something the grand jury improperly charged as a gratuity or properly charged as a bribe. It would be a mistake to think that Section 666 means something different when determining whether a violation was properly charged than when evaluating whether a charge was properly proven.

At the hearing, the Court questioned whether Hamilton had waived this argument—something the government had not even argued (it argued waiver only as to Hamilton's one-year rule argument). DE478-5. But there is no issue of waiver here because Hamilton did challenge the government's use of the gratuity theory in the indictment, both before this Court and on appeal, *see supra* Part I, and cases like *Angulo Quintero* demonstrate that the waiver doctrine is irrelevant. *See Pepper v. United States*, 562 U.S. 476, 507 (2011) (finding that even if a legal conclusion "was at one point law of the case," vacatur "effectively wiped the slate clean"); *Prytania Park Hotel, Ltd. v. General Star Indem. Co.*, 179 F.3d 169, 184 (5th Cir. 1999) (aside from legal conclusions decided on appeal, all claims in a case set for retrial "shall be accorded fresh-start treatment in the new trial").

An appeal challenging a defendant's conviction is a challenge to the conviction in a trial that already has occurred, and a defendant who fails to raise a challenge to *that* conviction waives that challenge as to *that* conviction. Cases like *Angulo Quintero* establish that a challenge that was not raised in a prior trial can be raised in a subsequent trial and a challenge to a *subsequent* conviction can be raised in a *subsequent* criminal appeal. The reason for that is, when a conviction is vacated, it is "wholly nullified and the slate wiped clean." *North Carolina v. Pearce*, 395 U.S. 711, 721 (1969), *accord Poland v. Arizona*, 476 U.S. 147, 152 (1986); *Bullington v. Missouri*, 451 U.S. 430, 442 (1981). For centuries, the law has recognized that when a criminal judgment "is

6

reversed for error, . . . then it is the same as if it had never been." 4 W. Blackstone, *Commentaries on the Laws of England* 330–31 (1769); *see United States v. Ayres*, 76 U.S. 608, 610 (1869) (An "order granting the new trial has the effect of vacating the former judgment, and to render it null and void, and the parties are left in the same situation as if no trial had ever taken place in the cause."). Even the doctrine of collateral estoppel, which a criminal defendant can use to prevent the relitigation of facts a prior jury decided in his favor, cannot be used by the government against a defendant in a criminal case because a defendant is entitled to have *all* issues considered fresh when a case is retried. *See, e.g.*, *United States v. Wilson*, 13 F.4th 961, 966 n. 5 (9th Cir. 2021); *United States v. Pelullo*, 14 F.3d 881, 896 (3d Cir. 1994); *United States v. Gallardo-Mendez*, 150 F.3d 1240, 1244 (10th Cir. 1998); *United States v. Harnage*, 976 F.2d 633, 636 (11th Cir. 1992).[2]

The Fifth Circuit's decision in *Hamilton* and the Supreme Court's decision in *Snyder* clearly instruct that Section 666 prohibits only bribery, and the government's suggestion that this Court should allow a trial based on an indictment that explicitly charges Hamilton as guilty of giving something "other" than bribes would flout those decisions. Indeed, that would require giving Section 666 an interpretation the Fifth Circuit rejected in this very case, and any resulting conviction would be a gross miscarriage of justice. For the government to even imagine that this would not be a reversible error is astounding; this Court should reject the government's position.[3]

---

[2] In arguing to the contrary, the government addresses cases arising in different contexts. DE478 at 5. *Lindquist v. City of Pasadena*, 669 F.3d 225 (5th Cir. 2012), involved an interlocutory appeal of the same civil case, but a new criminal trial is a separate proceeding. *United States v. Stanford*, 883 F.3d 500 (5th Cir. 2018), and *Medical Center Pharmacy v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011), address the mandate rule where a lower court cannot stray to decide issues beyond the mandate returned by a higher court. In *Hamilton*, the Fifth Circuit vacated the conviction altogether and did not remand for a limited purpose, as occurred in *Sanford* where the remand was for resentencing only. With his conviction vacated, Hamilton's has a new trial on a clean slate.

[3] The government led the Court down a similar path in the first trial, when the Court flagged for the government that not giving an entrapment instruction could lead to reversible error. Rather than give the instruction though, the Court accepted the government's position and refused to give the

Dated:  May 12, 2025                              Respectfully submitted,

                                                  /s/ *Thomas M. Melsheimer*

Christopher D. Man, Bar No. 453553DC              Thomas M. Melsheimer, Bar No. 13922550TX
Kaitlin Pierce Marino, Bar No. 242020DC               *Lead Counsel*
WINSTON & STRAWN LLP                              Damien M. Diggs, Bar No. 24135025TX
1901 L Street, NW                                 Dion J. Robbins, Bar No. 488888GA
Washington, DC 20006                              Alex C. Wolens, Bar No. 24110546TX
CMan@winston.com                                  Emily Wilkinson, Bar No. 24125457TX
KPMarino@winston.com                              WINSTON & STRAWN LLP
202-282-5000 (ph)                                 2121 N. Pearl Street, Suite 900
202-282-5100 (fax)                                Dallas, TX 75201
                                                  TMelsheimer@winston.com
                                                  DDiggs@winston.com
                                                  DRobbins@winston.com
                                                  AWolens@winston.com
                                                  EWilksinson@winston.com
                                                  214-453-6100 (ph)
                                                  214-453-6400 (fax)

                    *Counsel for Defendant Ruel M. Hamilton*

---

instruction which, as this Court foresaw, the Fifth Circuit found was reversible error. *United States v. Hamilton*, 46 F.4th 389, 399 n.5 (5th Cir. 2022).  The Court should not let the government invite a similar error this time.

## CERTIFICATE OF SERVICE

I certify that on May 12, 2025, a copy of the foregoing was filed with the Court's electronic case filing system, thereby effecting service on counsel for all parties.

<u>/s/*Thomas M. Melsheimer*</u>
Thomas M. Melsheimer